ANN MUCKIN AND SHIRLEY MUCKIN, BY THEIR NEXT OF FRIEND, STEPHEN S. MUCKIN, Sr., AND STEPHEN S. MUCKIN, Sr., AND EDITH MUCKIN, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. HOWARD A. HUBBS AND WILLIAM HUBBS, DEFENDANTS-APPELLEES.

Submitted February 13, 1942—Decided May 14, 1942.

For the defendant-appellee Howard A. Hubbs, *Harvey G. Stevenson.*

For the plaintiffs-appellants, *Ezra W. Karkus* and *Theodore D. Parsons.*

The opinion of the court was delivered by

WolfsKeil, J.  The present appeal is from a judgment of the Supreme Court on a direction for a verdict in favor of the defendant in a claim from damages arising out of an automobile accident.  The suit was started against two defendants, Howard A. Hubbs, owner of a garage, and William Hubbs, driver of the car, who was a brother and employee of the garage owner.

No answer was filed by William Hubbs, his liability was apparently not a subject of contention, and no judgment was entered against him.  The issue on appeal concerns itself solely with the propriety of the direction for the verdict for the defendant garage owner.  Some of the testimony was in conflict, but there was sufficient that was free from dispute to establish the salient and determining facts.

The vehicle involved in the accident belonged to William H. Burrowes, who was not a party to the suit and who loaned

the car to William Hubbs. Burrowes stated he was going out of town for the week-end and mentioned the car required adjusting. William Hubbs said he had need of the car and at the same time would fix it. The car was left outside of the garage of Howard Hubbs in Red Bank on a Saturday, and the accident occurred on the following Monday. The car was not taken into the garage, no work was done on it, no charge was made, and there is no testimony that any of the parties requested Howard Hubbs to make repairs. William Hubbs drove the car to his home in Keyport on Saturday night. He also drove it to and from the garage on Sunday. He did not report for work at the garage on Monday, nor did he go at all to Red Bank, but remained in Keyport. He telephoned to his brother instead that he proposed to take his wife to Newark and that he had difficulty in getting the car started. Howard Hubbs informed him there was no objection of his taking the day off. The car was made to start between eight and nine o'clock Monday morning, after it had been pushed by a coal truck. William Hubbs then drove in the car to a tavern, spent the greater part of the day there, consuming liquor and becoming noticeably susceptible to its influence. He returned to his home about four o'clock in the afternoon and created an altercation that caused his wife to invoke the aid of the police. He then left his home in the car, and the police were seeking him when the accident occured.

In this posture there is nothing to connect the defendant Howard Hubbs with the sequence of events, nor is there anything out of which to attribute liability to him. Though William Hubbs was an employee of Howard Hubbs, the car was used by William Hubbs for his personal purposes. Stress is made of the fact that when the accident happened the car was pointing in the direction of Red Bank. That in itself could be a coincidence without any determining significance. It cannot furnish support for an inference that William Hubbs was then going back to the garage to work when evening was approaching, in the face of the fact that he had explicitly stated he did not intend to report for work, that he spent the day under circumstances inconsistent with the

thought of work, and that he was occupied with a somewhat blurred and confused objective of flight when the accident took place. It is urged also that William Hubbs made an affidavit that was introduced in evidence which contradicted his testimony at the trial and implied agency in the use of the car through instructions of Howard Hubbs. This affidavit could have no affirmative probative effect for appellant, its result at best being only to neutralize the testimony of William Hubbs.

Appellant's main and seemingly only dependence in the endeavor to fasten liability on Howard Hubbs rests upon a conversation of appellant's counsel with Howard Hubbs, through which it is sought to establish responsibility of Howard Hubbs, predicated on the relation of master and servant. Appellant's counsel testified in effect that shortly after the accident he telephoned Howard Hubbs, asking if it was his brother who was involved and how he happened to have the car. Counsel said Howard Hubbs replied he had instructed his brother to take the car from the garage to the brother's house in Keyport, to keep it overnight and find out why it did not start: also that his brother called him in the morning to say there was trouble getting the car started and he intended to send another brother or someone else to Keyport to push the car and help it start, but became busy and forgot. Howard Hubbs admitted saying his brother telephoned about trouble with starting the car, but denied the rest of the conversation.

It is argued that the testimony of appellant's counsel as to the conversation with Howard Hubbs at least raised a question of fact concerning the agency of William Hubbs in the use of the car and the direction to work on it, which should in any event have been submitted to the jury. Taking counsel's testimony at its fullest force, however, and disregarding the denial of Howard Hubbs for purposes of discussing this point, there was nevertheless no such factual issue created that required submission to the jury. It is necessary not merely that there be the status of agency to attribute liability to the employer, but there would also need to be activity by the agent or servant in the assigned task and within the scope of

the agency at the time of the occurrence on which the claim is founded. That is not the situation here. Conceding full import to counsel's statement, neither that testimony nor anything else in the case supplied evidence to constitute a relevant issue. There was nothing to contravene the clear conclusion that at the time of the accident William Hubbs was not engaged in work connected with the alleged agency, but was preoccupied with unrelated undertakings of his own.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, HAGUE, JJ. 11.

*For reversal*—PERSKIE, RAFFERTY, THOMPSON, JJ. 3.